UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>V.<br><br>ASSAD NASR,<br>Defendant. | CRIMINAL ACTION<br>NO. 7:18-CR-7-KKC<br><br><br>**OPINION AND ORDER** |

\*\* \*\* \*\* \*\* \*\* \*\*

This matter is before the Court on Defendant Assad Nasr's motion to dismiss (DE 45) this action for improper venue or, alternatively, to transfer this matter to Lexington, Kentucky, which is located in the Eastern District of Kentucky.

Nasr is a pharmacist and, during the relevant time period, was the owner of Kentuckiana Pharmacy, which is located in Jeffersonville, Indiana. He is charged with one count of conspiring with others to dispense oxycodone outside of the scope of professional practice and not for a legitimate medical purpose. With this motion, he argues that the indictment must be dismissed because the Eastern District of Kentucky is the improper venue for his trial.

Where there are issues of fact regarding venue, the jury determines whether the government has sufficiently proved that the district where the crime was prosecuted is the proper venue. *United States v. Winship*, 724 F.2d 1116, 1124 (5h Cir. 1984); *United States v. Cooper*, 40 F. App'x 39, 40 (6th Cir. 2002). At trial, the government must prove venue by a preponderance of the evidence. *United States v. Crozier*, 259 F.3d 503, 519 (6th Cir. 2001).

When venue is challenged in a criminal action by a motion to dismiss the indictment prior to the presentation of any evidence at trial, however, the Court is limited to considering the factual allegations of the complaint. *United States v. Med 1st*, No. 3:16-CR-000076-JHM, 2017 WL 4848823, at *1 (W.D. Ky. Oct. 26, 2017). And the Court must assume that those allegations are correct. *Id.* "The Government's burden is limited to showing that the indictment alleges facts sufficient to support venue." *United States v. Abdalla*, 334 F. Supp. 3d 582, 587 (S.D.N.Y. 2018) (citation and brackets omitted.)

Article III of the Constitution, the Sixth Amendment, and the Federal Rules of Criminal Procedure require that a defendant be tried in the district where the crime was committed. U.S. Const. art. III § 2; U.S. Const. amend. VI; Fed. R. Crim. P. 18. The indictment alleges that from about August 2015 to October 2017, Nasr conspired with others to illegally dispense oxycodone, and that he did so in Pike County, which is in the Eastern District of Kentucky. This is sufficient to withstand a motion to dismiss the indictment. *See Med 1st*, 2017 WL 4848823, at *1. "Generally, 'the Government need only allege that criminal conduct occurred within the venue, even if phrased broadly and without a specific address or other information, in order to satisfy its burden with regard to pleading venue.'" *United States v. Murgio*, 209 F. Supp. 3d 698, 721 (S.D.N.Y. 2016) (quoting *United States v. Ohle*, 678 F.Supp.2d 215, 231 (S.D.N.Y.2010)).

Assuming that Nasr wants to challenge venue based upon the evidence presented at trial, the Court will instruct the jury in accordance with the Sixth Circuit Pattern Jury Instruction 3.07 and applicable law. "[V]enue is proper in conspiracy prosecutions in any district where the conspiracy was formed or in any district where an overt act in furtherance of the conspiracy was performed." *United States v. Scaife*, 749 F.2d 338, 346 (6th Cir. 1984). "A conspiracy defendant need not have entered the district so long as this standard is met." *Id*. Further, [i]n a conspiracy

case, venue as to all members lies in any district in which any act in furtherance of the conspiracy was committed by any one of the conspirators." *United States v. Rumler*, No. 89-1341, 895 F.2d 1415 (6th Cir. Feb. 8, 1990). Accordingly, venue may be proper in the Eastern District of Kentucky even if Nasr himself did not travel or commit any overt act here.

For these reasons, the Court will deny the motion to dismiss the indictment for improper venue.

The Court will, however, grant Nasr's motion to transfer the trial of this matter to Lexington, a more convenient jury division within the Eastern District of Kentucky. This is not a motion to transfer *venue*. *See United States v.* Lewis, 504 F.2d 92, 97 (6th Cir. 1974). Both Lexington and Pikeville are located in the Eastern District of Kentucky. This is a motion to transfer the trial of this matter from one division within a district to another. Under Federal Rule of Criminal Procedure 18, "[t]he court must set the place of trial *within the* district with due regard for the convenience of the defendant, any victim, and the witnesses, and the prompt administration of justice." Fed. R. Crim. P. 18 (emphasis added). Under Local Criminal Rule 18.2(b), "[a]ny criminal action or proceeding may, in the discretion of the Court, be transferred from the jury division in which it is pending to any other division for the convenience of the Court, the defendant, witnesses, or in the interest of justice." The Court agrees with the defendant that Lexington is a more convenient location for the trial of this matter for the parties, the probable witnesses, and the Court. Thus, transfer serves the interest justice, including its prompt administration.

For all these reasons, the Court hereby ORDERS as follows:

1) Nasr's motion to dismiss the indictment for improper venue (DE 45) is DENIED;

2) Nasr's motion to transfer the trial of this matter to Lexington (DE 45) is GRANTED;

3) the trial of this matter will commence at 9:00 a.m. on **March 30, 2020 in Lexington, Kentucky**. Counsel SHALL be present at 8:30 a.m.

Dated December 16, 2019

*Karen K. Caldwell*
KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY