UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL ACTION NO. 7:18-CR-7-KKC |
| Plaintiff, | |
| V. | OPINION AND ORDER |
| ASSAD NASR, | |
| Defendant. | |

\*\* \*\* \*\* \*\* \*\* \*\*

This matter is before the Court on Defendant Assad Nasr's motion for a bill of particulars (DE 32). For the following reasons, the Court will deny the motion.

Nasr is a pharmacist and, during the relevant time period, was the owner of Kentuckiana Pharmacy, which is located in Jeffersonville, Indiana. He is charged with one count of conspiring with others to dispense oxycodone outside of the scope of professional practice and not for a legitimate medical purpose. With this motion, he asks that the Court order the government to file a bill of particulars.

"A bill of particulars is meant to be used as a tool to minimize surprise and assist defendant in obtaining the information needed to prepare a defense and to preclude a second prosecution for the same crimes . . . It is not meant as a tool for the defense to obtain detailed disclosure of all evidence held by the government before trial." *United States v. Salisbury*, 983 F.2d 1369, 1375 (6th Cir.1993). The "accepted general rule is that if the indictment charges in general language all of the essential elements of the offense with sufficient certainty that it is not open to attack on the ground of being fatally infirm but fails to inform the accused with sufficient

particularity of the charges against which he will have to defend at the trial, the remedy is to move for a bill of particulars." *United States v. Branan*, 457 F.2d 1062, 1065 (6th Cir. 1972). "[T]he test in ruling on a motion for a bill of particulars is whether providing such details is necessary to the preparation of the defense and avoidance of prejudicial surprise." *United States v. Musick*, 291 F. App'x 706, 724 (6th Cir. 2008).

The indictment in this case adequately informs Nasr of the single charge against him. "[A]n indictment under 21 U.S.C. § 846 is sufficient if it alleges 'a conspiracy to distribute drugs, the time during which the conspiracy was operative and the statute allegedly violated, even if it fails to allege any specific act in furtherance of the conspiracy.'" *United States v. Sweeney*, 688 F.2d 1131, 1140 (7th Cir. 1982) (quoting *United States v. Bermudez*, 526 F.2d 89, 94 (2d Cir. 1975)). The indictment alleges that Nasr conspired with others and used his pharmacy license to dispense oxycodone outside the scope of professional practice and not for a legitimate medical purpose. The indictment sets forth the dates of the alleged conspiracy and the statute that Nasr allegedly violated.

The additional information Nasr requests is not necessary for him to defend the charge against him. Nor is it necessary to avoid prejudicial surprise. Nasr requests all statements and events that the government will rely on to prove the conspiracy at trial and to prove the date each coconspirator and Nasr joined the conspiracy; the acts allegedly committed by Nasr in furtherance of the conspiracy; and the names of any alleged co-conspirators.

"A defendant is not entitled to a bill of particulars if the purpose of the bill is to obtain a list of the Government's witnesses or to discover all of the overt acts that might be proven at trial." *Musick*, 291 F. App'x at 724. "Nor is the Government required to furnish the names of all other co-conspirators." *Id*. (citing *United States v. Crayton*, 357 F.3d 560, 568 (6th Cir.2004)).

Further, the drug conspiracy statute that Nasr is charged with violating does not require the government to prove that a conspirator committed an "overt act in furtherance of the conspiracy." *United States v. Shabani*, 513 U.S. 10, 11 (1994). Thus, the government is not required to allege such acts in the indictment.

The government represents that the discovery it has already provided the defendant – which Nasr describes in his reply brief as "voluminous" – identifies the acts and statements it will present at trial to prove the alleged conspiracy and Nasr's connection to it. Likewise, the affidavit filed in support of the search warrant provides additional details regarding the government's investigation, including details about alleged co-conspirators and Nasr's alleged actions. Thus, Nasr should be adequately informed about the details of the charges against him and should not be prejudicially surprised at trial.

For these reasons, the Court hereby ORDERS that the motion for a bill of particulars filed by defendant Nasr (DE 32) is DENIED.

Dated December 17, 2019

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY