UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>V.<br><br>ASSAD NASR,<br><br>Defendant. | CRIMINAL ACTION<br>NO. 7:18-CR-7-KKC<br><br><br>**OPINION AND ORDER** |

This matter is before the Court on Defendant Assad Nasr's motion (DE 34) requesting that the Court order the government to provide him with the legal instructions it gave to the grand jury that issued the indictment in this case. Nasr also requests that the Court order the government to disclose "all information helpful to Dr. Nasr on the issues of guilt or innocence" pursuant to *Brady v. Maryland*, 373 U.S. 83, 87 (1963) and *Giglio v. United States*, 405 U.S. 150 (1972).

Nasr is a pharmacist and, during the relevant time period, was the owner of Kentuckiana Pharmacy, which is in Jeffersonville, Indiana. He is charged with one count of conspiring with others to dispense oxycodone outside the scope of professional practice and not for a legitimate medical purpose.

With this motion, Nasr requests that the Court order the government to provide him with "all information helpful to the defendant on the issues of guilt or punishment" pursuant to *Brady* and *Giglio*. (DE 1, Motion at 1.) The government has not objected to the motion. By order dated June 28, 2018, however, the Court has already ordered the government to make the disclosures required under *Brady*, which also covers the disclosures required under *Giglio*. *See United States v. Maury*, 695 F.3d 227, 249 (3d Cir. 2012) (explaining that *Giglio* material goes to the credibility

of crucial prosecution witnesses and is a subset of *Brady* material). Accordingly, the Court will deny as moot Nasr's current request. The government is under a continuing obligation to comply with the Court's June 28, 2018 order. If the government has failed to comply with the order, Nasr may file a motion to compel that explains precisely how the government has violated the order.

As to Nasr's request that the Court order the government to provide him with the instructions it gave the grand jury, the government has not objected to the request. Nevertheless, the Supreme Court has "consistently. . . recognized that the proper functioning of our grand jury system depends upon the secrecy of grand jury proceedings." *Douglas Oil Co. of California v. Petrol Stops NW.*, 441 U.S. 211, 218 (1979).

Rule 6(e) of the Federal Rules of Criminal Procedure permits the Court to order the disclosure of grand jury matter at the defendant's request under two circumstances: 1) "preliminarily to or in connection with a judicial proceeding" and 2) when the defendant "shows that a ground may exist for a motion to dismiss the indictment because of a matter that occurred before the grand jury." Fed. R. Crim. P. 6(e)(3)(E)(i), (ii).

A party seeking disclosure of grand jury material under Rule 6(e) of the Federal Rules of Criminal Procedure must demonstrate a particularized need for the material. *See United States v. Sells Engineering, Inc.*, 463 U.S. 418, 443 (1983); *United States v. Short*, 671 F.2d 178, 184-86 (6th Cir. 1982).

Nasr's request for the legal instructions given to the grand jury consists of one sentence in the motion. A portion of the sentence appears to have been inadvertently deleted. (DE 34, Motion at 1.) There is no mention of the grand jury instructions in the memorandum accompanying the motion. The sentence in the motion directed at the grand jury instructions states only that "the Government likely misinstructed the grand jury on the law. . . ." A "defendant seeking the

production of grand jury records must do more than make general unsubstantiated or speculative allegations of impropriety." *United States v. Stafford*, No. 08–122, 2009 WL 275470, at *3 (D. Del. Feb.5, 2009) (citing *United States v. Budzanoski*, 462 F.2d 443, 454 (3rd Cir. 1972)). The "mere suspicion that the grand jury may not have been properly instructed . . . is insufficient to establish that [the defendant] is entitled either to dismissal of the indictment or to disclosure of grand jury materials." *United States v. Trie*, 23 F. Supp. 2d 55, 62 (D.D.C.1998) (citing *United States v. Buchanan*, 787 F.2d 477, 487 (10th Cir.1986)). Further, "[c]hallenges going only to the instructions given to the grand jury as to the elements of the offenses are not grounds for dismissal of an indictment that is valid on its face." *Buchanan*, 787 F.2d at 487.

The Court cannot find that Nasr has set forth a particularized need for the grand jury legal instructions in his motion or accompanying memorandum. Accordingly, this portion of his motion must be denied.

For all these reasons, the Court hereby ORDERS Nasr's motion for additional discovery (DE 34) is DENIED as follows:

1) the motion for a Court order requiring the government to provide him with the legal instructions given to the grand jury is DENIED; and

2) the motion for a Court order requiring the government to comply with *Brady v. Maryland*, 373 U.S. 83, 87 (1963) and *Giglio v. United States*, 405 U.S. 150 (1972) is DENIED as moot with leave for Nasr to file a motion to compel if the government has failed to comply with the Court's June 28, 2018 order.

Dated January 6, 2020



KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY