UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL ACTION NO. 7:18-7-KKC |
| Plaintiff, | |
| v. | ORDER AND OPINION |
| ASSAD NASR, | |
| Defendant. | |

*** *** ***

This matter is before the Court on Defendant Assad Nasr's motion for disclosure of the presentence reports ("PSRs") of his alleged co-conspirators. (DE 77.) For the following reasons, the Court denies the motion.

## I. Background

On May 25, 2018, Defendant Assad Nasr was indicted for conspiracy to dispense and distribute oxycodone. (DE 1.) In a related case, four of Defendant's alleged co-conspirators—Darryl K. Williams, Laura M. Kicklighter, Michael Robinette, and Michael Bowe—were similarly indicted for conspiracy to distribute oxycodone. *United States v. Williams*, No. 7:16-cr-00015-KKC-EBA, DE 1 (E.D. Ky. Nov. 17, 2016). All four co-conspirators have plead guilty. *Williams*, No. 7:16-cr-00015-KKC-EBA, DE 69, DE 151, DE 165, and DE 231. In another related case, another alleged co-conspirator, Jackson Noel, was convicted of conspiracy to dispense and distribute oxycodone and oxymorphone. *United States v. Noel*, No. 7:18-cr-00002-KKC-EBA, DE 111 (E.D. Ky. Sept. 10, 2019).

In advance of trial, Defendant requests disclosure of the PSRs of his co-conspirators from the *Williams* case because the PSRs contain information about "the government's version of the offense, the alleged co-conspirators['] version of the offense and their criminal history, prior bad acts, and the projected sentencing guidelines." (DE 77 ¶ 3.) Defendant identifies twelve categories of information that he argues are not available elsewhere, are directly relevant to the defense, and are relevant to the cross-examination and impeachment of his co-conspirators, who Defendant contends will testify at his trial. (DE 77 ¶ 5.)

## II. Analysis

Generally, courts only allow a third party to obtain a PSR upon the showing of a "special need." *U.S. Dep't of Justice v. Julian*, 486 U.S. 1, 12 (1988). Therefore, courts should only disclose a PSR when the third party demonstrates a "compelling, particularized need." *United States v. Corbitt*, 879 F.2d 224, 239 (7th Cir. 1989). The third party seeking disclosure of a PSR must clearly specify the information therein that is expected to reveal exculpatory or impeaching information and explain how that information is material and favorable to the defense. *See United States v. Happ*, No. CR2-06-129(8), 2008 WL 5101214, at *9 (S.D. Ohio Nov. 25, 2008); *see also United States v. Trevino*, 89 F.3d 187, 190 (4th Cir. 1996); *United States v. Moore*, 949 F.2d 68, 72 (2d Cir. 1991); *United States v. Johnson*, 299 F. Supp. 3d 909, 916 (M.D. Tenn. 2018). The party must also make a threshold showing of a good faith belief that the information is not available elsewhere. *See Moore*, 949 F.2d at 72; *Johnson*, 299 F. Supp. 3d at 916 (citing *United States v. Molina*, 356 F.3d 269, 275 (2d Cir. 2004)).

In his motion, Defendant identifies the following nine categories of information as information he seeks within the PSRs: (1) the co-conspirators' version of the offense; (2) statements of the co-conspirators' agreement with Defendant; (3) the co-conspirators' statements regarding their use of Defendant's pharmacy; (4) descriptions of the co-

2

conspirators' communications with Defendant; (5) descriptions of the co-conspirators' use of Defendant's pharmacy; (6) descriptions of the co-conspirators' arrangements for the illegal distribution of oxycodone obtained from Defendant's pharmacy; (7) descriptions of the co-conspirators' communications with doctors whose prescriptions for oxycodone Defendant allegedly filled and with whom Defendant communicated; (8) statements by the co-conspirators' that tend to show Defendant filled their prescriptions in good faith; and (9) evidence that the co-conspirators deceptively presented themselves as legitimate patients with valid prescriptions. (DE 77 ¶ 5.) This information is available within the plea agreements found on the public docket for the *Williams* case, the discovery from the *Williams* case, the trial transcripts from the *Noel* case where co-conspirators testified, and the *Jencks* material that the Government will produce prior to trial. (DE 85 at 2.) Accordingly, Defendant has not made the threshold showing of a good faith belief that this information is not available elsewhere.

Defendant also maintains that the PSRs will include information about "adjustments or enhancements that the government recommended, or did not recommend, for the sentences of the [co-conspirators], based on their respective roles in the alleged conspiracy with the Defendant and their cooperation with the government," as well as descriptions of the co-conspirators' prior drug addictions, criminal histories, and medical histories. (DE 77 ¶ 5.) As an initial matter, the Court is not convinced that Defendant has made the requisite threshold showing that this information is not available elsewhere, as Defendant only merely states that the "information . . . cannot be found elsewhere in the record or in discovery" without providing further explanation. (DE 77 ¶ 5.) Additionally, Defendant fails to demonstrate a compelling, particularized need for any information about his co-conspirators' sentencing enhancements; indeed, besides Defendant's generalized assertions that this information is directly relevant to his defense and impeachment of witnesses, Defendant fails

to articulate *why* he needs this information at all. While information about Defendant's co-conspirators' prior drug addictions, criminal histories, and medical histories may potentially contain exculpatory or impeachment evidence, Defendant does not clearly specify exactly what he expects the information to reveal or how that information is material and favorable to his defense. *See United States v. Ruibal*, No. 1:12-CR-132, 2014 WL 320204, at *2 (W.D. Mich. Jan. 29, 2014) ("Defendants' speculation that their co-defendants' presentence reports *might* contain information that could be useful for impeachment purposes falls short of the required showing of compelling or particularized need.) (emphasis added). Thus, Defendant has not made the showing necessary for the Court to grant disclosure of his co-conspirators' PSRs, and the Court must deny his motion.

### III. Conclusion

The Court hereby ORDERS as follows:

1. Defendant Assad Nasr's motion (DE 77) for disclosure of the presentence reports of his alleged co-conspirators is DENIED; and

2. The Order to Show Cause (DE 84) is DISCHARGED.

Dated December 23, 2020



KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY